IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Civil No. 10-190 Erie |
| | ) | Criminal No. 09-12 Erie |
| | ) | Magistrate No. 09-24 ME |
| | ) | Judge Sean J. McLaughlin |
| v. | ) | |
| | ) | |
| TOMMIE DUNLAP, | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

McLAUGHLIN, SEAN J., J.

This matter is before the Court upon Defendant Tommie Dunlap's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. In his motion, Dunlap alleges that his conviction and sentence should be vacated because his attorney failed to file a direct appeal despite Dunlap's request to do so. For the reasons which follow, the motion will be dismissed.

**I. BACKGROUND**

On March 10, 2009, Dunlap was indicted by a grand jury and charged with possession with intent to distribute and distribution of fifty or more grams of crack cocaine in violation of Title 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii). See United States v. Dunlap, 1:09-cr-12-SJM-1 (W.D. Pa filed March 10, 2009). On September 30, 2009, Dunlap entered a plea of guilt pursuant to a written plea agreement. Paragraph A(4) of the plea agreement stated that Dunlap "waive[d] the right to take a direct appeal from his conviction or sentence" and "waive[d] the right to file a motion to vacate sentence, under 28 U.S.C. 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence." See Dunlap Plea Agreement, ¶ A(4). The appellate waiver provision also contained two limited exceptions (neither of which are applicable here). Id. The agreement concluded with a paragraph in which Dunlap, by signing, averred that he had read and discussed the plea agreement with his attorney. (Id. at p. 6).

On January 11, 2010, Dunlap was sentenced to 140 months incarceration and five years of supervised release. On April 9, 2010, Dunlap filed a *pro se* notice of appeal *nunc pro tunc* which was dismissed by the Third Circuit on August 30, 2010, as untimely filed.

On August 9, 2010, Dunlap filed the instant motion to vacate judgment. The government filed a response in opposition on September 17, 2010. This matter is ripe for review.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. When a motion is made under 28 U.S.C. § 2255, the question of whether to order a hearing is committed to the sound discretion of the district court. In exercising that discretion, the court must accept the truth of the petitioner's factual allegations unless they are clearly frivolous on the basis of the existing record. United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992). Further, the court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the petitioner is not entitled to relief. Id. Upon consideration of Dunlap's motion for relief, the government's response thereto, and the pleadings and documents of record, I conclude that no hearing is necessary because Dunlap has waived his right to file a collateral attack of his sentence.

## III. DISCUSSION

In his motion, Dunlap argues that his attorney rendered ineffective assistance by failing to file a requested direct appeal. He cites the well-established principle that an attorney "who disregards his client's explicit instructions to appeal renders ineffective assistance." Hodge v. United States, 554 F.3d 372, 379 (3rd Cir. 2009) (citing Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)). The government responds that Dunlap's motion should be dismissed for lack of subject matter jurisdiction because he waived his right to file a direct appeal and to collateral review in his plea agreement.

It is well-settled that an appellate and habeas corpus waiver provision in a plea agreement must be enforced, if entered into voluntarily and knowingly, unless to do so would work a miscarriage of justice. United States v. Mabry, 536 F.3d 231, 236-37; United States v. Khattak, 273 F.3d 557, 558 (3rd Cir. 2001). When a petitioner raises a challenge to the validity of an appellate waiver, the court has an "affirmative duty both to examine the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice." Mabry, 536 F.3d at 237. A waiver is knowing and voluntary if the plea colloquoy "inform[s] the defendant of, and determine[s] that the defendant understands, the . . . terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Federal Rule of Criminal Procedure 11(b)(1)(N); Mabry, 536 F.3d at 238-39. In determining whether a miscarriage of justice would occur if an otherwise valid waiver were enforced, the Third Circuit has suggested the following flexible factors for consideration:

> [T]he clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.

Khattak, 273 F.3d at 563 (quoting United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)).

In challenging an appellate waiver on collateral review, "a defendant bears the burden of presenting an argument that would render his waiver unknowing or involuntary." Mabry, 536 F.3d at 237. Dunlap's motion, however, fails to acknowledge, much less challenge, the existence of his appellate and collateral review waiver in the plea agreement. Nonetheless, because "a district court has an independent obligation to conduct an evaluation of the validity of a collateral waiver," I will proceed to review the plea colloquy in order to determine whether Dunlap's waiver was knowing and voluntary. See Mabry, 536 F.3d at 238.

During the plea colloquy, Dunlap indicated that he was 31 years old, had attended school through the 8th grade, was able to effectively communicate using the English language, and understood the nature of the proceedings taking place. (Plea Transcript, 9/30/09, pp. 3-4). The prosecutor explained the critical provisions of the plea agreement to Dunlap on the record, including the appellate and collateral waiver provisions. (Plea Transcript, 9/30/09, pp. 10-11). Following the prosecutor's summary of the appellate waiver, the Court extensively examined Dunlap concerning

the waiver provisions contained in the plea agreement:

> The Court: Mr. Dunlap, before you came to court today did you have a chance to read and review the plea agreement and discuss it with Mr. Patton?
>
> Defendant: Yes.
>
> The Court: And do you agree with all of its terms and conditions?
>
> Defendant: Yes.
>
> The Court: And do you understand specifically that with respect to one aspect of the plea agreement, you are essentially giving up your right to appeal, except in the very limited and unlikely circumstance that the government takes an appeal, the sentence that I impose exceeds the statutory maximum, which is not going to happen, and/or the sentence unreasonably exceeds a guideline range. Which once again is not going to happen. You also understand that you're giving up your right to collaterally attack any aspect of the proceedings through a Habeas Corpus action; do you understand that?
>
> Defendant: Yes.

(Id. at 13-14). Moments later, the Court once more reiterated the finality of the waiver provisions contained in the plea agreement:

> The Court: Do you understand that under certain circumstances you or the government may have the right to appeal any sentence that I impose; but do you also understand that by virtue of our previous discussion, your appellate rights have been essentially released or vanquished, do you understand that?
>
> Defendant: Yes.

(Id. at 16). Additionally, Dunlap repeatedly assured the Court throughout the proceedings that he had discussed the entire plea agreement with his attorney and that he understood and agreed to each of the provisions contained therein. (Id. at 4, 14-15, 17, 22). Based upon my independent review of the colloquy, and in the absence of any argument to the contrary, I conclude that Dunlap knowingly and voluntarily waived his appellate and collateral review rights.

I next consider whether a miscarriage of justice would occur if the waiver were enforced.

The error alleged by Dunlap here is that his attorney failed to file a requested direct appeal. Dunlap does not, however, indicate the grounds on which he feels his attorney should have appealed or address the impact of the waiver of his appellate rights on his requested direct appeal.

In Mabry, under nearly identical facts, the Third Circuit addressed a habeas petitioner's contention that his attorney had acted ineffectively by refusing to file a direct appeal. Like Dunlap, Mabry had entered into a plea agreement wherein he knowingly and voluntarily waived his appellate and collateral review rights. The Third Circuit held that enforcement of the waiver would not constitute a miscarriage of justice because Mabry had not alleged coercion or ineffectiveness with respect to the plea agreement itself and because each of the grounds for direct appeal raised by Mabry were clearly encompassed by the waiver. See Mabry, 536 F.3d at 243 (concluding that "enforcing the waiver would not result in a miscarriage of justice . . . [because] Mabry has not identified any nonfrivolous ground, not covered by the waiver, for a direct appeal or collateral attack in his petition . . . or contend[ed] that he was mislead or that enforcing the waiver is somehow unjust.").

Here, although Dunlap does not indicate on what grounds he wished to appeal, a review of the limited exceptions to the plea agreement's waiver provision demonstrates that no valid grounds for direct appeal survived the waiver. (See Plea Agreement, ¶ A(4)). Moreover, Dunlap does not allege that his plea agreement was the product of coercion or error. Consequently, enforcement of the appellate and collateral waiver contained in Dunlap's plea agreement "is in line with justice, not a miscarriage of it." Mabry, 536 F.3d at 244.

### IV. CONCLUSION

For the reasons stated herein, Dunlap's Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255 is dismissed. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,   )
                            )   Civil No. 10-190 Erie
                            )   Criminal No. 09-12 Erie
                            )   Magistrate No. 09-24 ME
                            )   Judge Sean J. McLaughlin
       v.                   )
                            )
TOMMIE DUNLAP,              )
                            )
                            )

**ORDER**

AND NOW, this 5th day of November, 2010, for the reasons set forth above, it is hereby ORDERED that Petitioner's Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255 is DENIED.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c), Petitioner has not made a substantial showing of the denial of a constitutional right and is not entitled to a certificate of appealability.

　　　　　　　　　　　　　　　　　　　　/s/ - Sean J. McLaughlin
　　　　　　　　　　　　　　　　　　　　United States District Judge

cm:    All parties of record.